MORGAN *et ux. v.* COLLINS SCHOOL *et al.*

(Division A.   April 7, 1930.)

[127 So. 565.   No. 28573.]

**Floyd O. Collins,** of Laurel, for appellants.

296

G. Q. Hosey and T. Webber Wilson, both of Laurel, for appellees.

McGowen, J., delivered the opinion of the court.

The appellants, Morgan and his wife, filed their bill in the chancery court of Jones county praying for the removal of a cloud upon their title, setting forth a certain deed which they asked to be canceled, and praying for the confirmation of their title.

The bill named the Collins Graveyard and Collins Schoolhouse as defendants thereto, and prayed for publication commanding the schoolhouse and the graveyard and all other persons having or claiming any rights in the land to appear and answer. W. D. English, John Harper, deacons of the "Lebanon Baptist Church," and W. D. Hill, "Clerk of the Baptist Church," appeared by their attorney and demurred to the bill. The demurrer was sustained. An answer was filed in connection with the demurrer, the court sustained the demurrer, and appeal is prosecuted here.

The grounds for demurrer assigned therein are:

"(1) The bill of complaint states no cause of action.

"(2) The allegation of said bill of complaint is insufficient in law to sustain the relief prayed for.

"(3) The bill of complaint shows on its face that the complainants have no title to the land in question.

"And have other cause to be assigned in hearing thereof."

Counsel for appellant sets forth that his bill conforms to section 322, Hemingway's 1927 Code (section 550, Code of 1906), and cites Griffith's Mississippi Chancery Practice with reference to said bill. He further states that he does not know why the demurrer was sustained, and that

the deed to the graveyard and to the schoolhouse is void, and he asks for reversal of the case.

The appellees filed a brief in which they called attention to several of the grounds of demurrer, but made no argument thereon; nor is there an intimation as to what counsel, or the court below, found wanting in the bill; so we have been compelled to form our own judgment of the matters set up in the bill without aid. The bill appears to deraign title to the land described from the United States government through mesne conveyances to the complainants, except for the deed sought to be canceled. The bill charges, upon information and belief, that there had never been a corporation, party organization, partnership, or body politic by the name of Collins Schoolhouse or Collins Graveyard. The deed sought to be canceled is set forth in the bill of complaint, and recites this language: "In consideration of one dollar we convey and warrant to the Collins Graveyard and Collins Schoolhouse, the land described," etc. The complainants allege in this bill that they have a good and sufficient title to this land, and deraign their title, and name the schoolhouse and graveyard as parties defendant. The bill points out the defect, or cloud, which they desire removed, and points out that the deed is void because the grantees named therein never existed. The land is described accurately, and the bill, on its face, appears to be such as requires an answer.

Having in mind section 4523, Hemingway's 1927 Code (section 933, Code of 1906), which permits religious societies to associate membership together for the purpose of managing the society in the election of officers, and also section 4524, Hemingway's 1927 Code (section 934, Code of 1906), which permits religious societies to own certain real property, and further bearing in mind section 4525, Hemingway's 1927 Code (Laws of 1926, chapter 194, section 2), which validates the ownership of real estate owned at the time by church societies, we are compelled to say that, as there never existed such a society as the Collins Schoolhouse and Collins Grave-

yards, neither of which appear on their face to be a religious society, the deed is void for the want. of a grantee. It is quite well settled that a grantee who is in esse is a necessary prerequisite to the validity of a deed conveying land.

The appellees who appear here come into court as representatives of religious bodies. This deed does not appear to be to any religious body, and it is, alleged in the bill that Collins Schoolhouse and Collins Graveyard never existed. In the case of Morris v. State, 84 Ala. 457, 4 So. 628, the court held that a deed executed by a grantor to "the members of the New Judson Church" was void for the want of a grantee. See 18 C. J. 158, sec. 36.

On the allegations of the bill we think appellees should have been required to answer, and the cause is reversed and remanded for hearing on the answer.

Reversed and remanded.