IVEY, et al. *v.* GEISLER, et al.

Feb. 4, 1952.

No. 38195 (56 So. (2d) 501)

**E. K. Windham,** for appellants.

**J. S. & E. W. Finch,** for appellees.

**Hall, J.**

Appellants, as pastor and trustees of Cross Roads Methodist Church, brought this suit against appellees, as pastor, trustees and officials of the Evangelical Methodist Church, and sought an injunction to prevent the appellees from interfering with the exclusive use and occupancy by appellants of a certain church building and one-half acre of land described in the bill on which the building stands, the title to which is claimed by appellants by adverse possession. The chancellor denied the relief sought and dismissed the bill of complaint, from which action this appeal is prosecuted.

Appellants contend that the decree of the chancellor is contrary to the overwhelming weight of the evidence and we are of the opinion that this contention is well founded. ▪▪▪ It is of course the general rule that this Court will not reverse or overturn the finding of a chancellor on a disputed question of fact, but the rule is equally as well recognized that a chancellor's finding must be supported by some substantial, competent evidence, else it cannot stand and will be readily reversed. Crichton v. Halliburton & Moore, 154 Miss. 265, 122 So. 200; Tarver v. Lindsey, 161 Miss. 379, 137 So. 93; Gerard v. Gill, 195 Miss. 726, 15 So. (2d) 478 and 916; Puryear v. Austin, 205 Miss. 590, 39 So. (2d) 257; James v. Tax Investment Company, 206 Miss. 605, 40 So. (2d) 539; Reed v. Charping, 207 Miss. 1, 41 So. (2d) 11.

Appellants established by sixteen witnesses ranging in age up to 88 years that the church building in question has been in its present location since 1884; that from that time up to 1939 it was in charge of a regularly

organized congregation known as Cross Roads Methodist Protestant Church and that through all these years they used it for public worship, occupied it and claimed it without dispute or question from any source; that in 1939 the Protestant Methodist organization united with the Northern and Southern Methodists and the same congregation went into this union and changed the name to Cross Roads Methodist Church, but continued to use the property for public worship and occupied and claimed it without dispute or question from any source, until July 13, 1950, when Rev. N. H. Geisler entered the community and organized a group known as the Evangelical Methodist Church, and this group broke the lock from the church door and entered it for the holding of their services, claiming the right to use the building at any time when it was not being used by the Cross Roads Methodist Church.

▉▉ ▉ Appellees introduced a number of witnesses who testified that from time to time through the years ministers from other denominations had occasionally conducted services in this church building, but not one of them would say that any other religious group had ever claimed any right to the church property or that any minister had ever conducted services there except upon invitation by or consent of the duly constituted church authorities.

▉▉ ▉ Unincorporated religious societies are authorized by our statutes to hold and own real estate by and through their officers and trustees such as the appellants here.  Sections 5350 and 5351, Code of 1942.  Such religious groups may acquire title by adverse possession even as against a grantor where property is openly diverted from a use specified in the grant.  45 Am. Jur. p. 762, Religious Societies, Sec. 51.  Moreover, "The strict rule applicable to ordinary property in respect of the character of possession required is not applied in the case of property used for church purposes.  There is sufficient possession of such property, if it is used in the

way that such property is ordinarily used." 2 C. J. S., Adverse Possession, Section 38 b, 548. It seems hardly subject to argument under the facts of this case that the appellants have clearly acquired the absolute title to the property in question by adverse possession.

Appellees rely, however, and the chancellor based his decision upon the provisions of a deed executed by M. W. Pannell in 1892. The grantee named in that deed is "Church and Trustees" without naming any church organization or trustees. The deed is on a printed form and in the blank space for a consideration is written "The Protestant meeting house & Trustees." After the description is written "free for all denominations so as to not conflict with our meeting days." The chancellor held and so decreed that the title to the property is vested in appellants but further held and decreed that the appellees and all other denominations are entitled to use the church at any time so long as their meetings do not conflict with the regular meeting days of the Methodist congregation. The deed in question is absolutely void for want of a grantee. "A deed must designate a grantee. Unless a grantee is named in some part of the deed, title does not pass and the deed is void." 6 Thompson on Real Property, Permanent Edition, Sec. 3163. See also 16 Am. Jur. p. 487, Deeds, Sec. 87; Morgan v. Collins School et al., 157 Miss. 295, 127 So. 565; Id., 160 Miss. 321, 133 So. 675. Since the deed is void the attempted qualification therein that the property should be "free for all denominations so as to not conflict with our meeting days" is likewise void, and the appellants, having acquired title by adverse possession for more than six times the statutory period, are not bound thereby. The decree will therefore be reversed and a decree will be here entered granting the relief sought by the original bill.

Reversed and decree here.

**Alexander, Lee, Kyle** and **Arrington, JJ.**, concur.