OLDHAM, et al. *v.* FORTNER, et al.

No. 39289          October 11, 1954          74 So. 2d 824

734

*Barron C. Ricketts,* Jackson, for appellants.

*Livingston & Fair,* Louisville, for appellees.

KYLE, J.

This case is before us on appeal by Samuel E. Oldham and John C. Oldham, defendants in the court below from a decree of the Chancery Court of Choctaw County rendered in favor of W. V. Fortner and C. P. Fortner, complainants, confirming the title of the complainants in and to the oil, gas and mineral rights in 403.58 acres of land in Choctaw County, and cancelling the mineral deed to the appellants executed by their father on June 9, 1942.

The record shows that J. H. Oldham, on June 9, 1942, executed and delivered to Samuel E. Oldham and John C. Oldham a mineral right and royalty transfer deed, in which the grantor sold and conveyed to the grantees "an undivided _____ (_____) interest in and to all of the oil, gas and other minerals of every kind and character" in, on or under certain tracts of land in Choctaw County therein described, containing 410 acres, less 6.42 acres theretofore conveyed to the U. S. Government for canal right of way, leaving 403.58 acres, more or less. On August 11, 1942, J. H. Oldham executed and delivered to W. L. Bell a deed of conveyance of the above described 410 acres of land, "except 6.42 acres, more or less, for drainage canal right of way, and except all minerals and mineral rights, heretofore sold and conveyed, and containing in all Four Hundred Three and 58/100 of an acre, more or less."

The appellees thereafter acquired title to the above described lands by mesne conveyances from W. L. Bell and subsequent grantees claiming title under him.

The bill of complaint in this cause was filed by the appellees on October 28, 1952. An amended bill was filed on May 4, 1953. In their original and amended bills of complaint the complainants alleged that they were the sole owners of the above described 403.58 acres of land and all minerals thereon; that the above mentioned mineral deed executed by J. H. Oldham to the defendants on June 9, 1942, was void and of no effect because of the

vagueness and uncertainty of the description of the mineral interest attempted to be conveyed therein; and that complainants were entitled to have the same cancelled. The complainants asked that said mineral deed be cancelled, and that their title to said lands, including all oil, gas and minerals on said land, be quieted and confirmed. The defendants filed an answer and a general demurrer to the amended bill. In their answer the defendants denied that the complainants were the sole owners of the above described lands and all minerals thereon. The defendants averred that title to said minerals was vested in them; and the defendants denied that the complainants were entitled to have their title quieted or confirmed as to the oil, gas and mineral rights in said lands. The demurrer was overruled at the September 1953 term of the court, and the cause was heard upon its merits.

The complainants offered in evidence the mineral deed from J. H. Oldham to Samuel E. Oldham and John C. Oldham, dated June 9, 1942, and also the deed from J. H. Oldham to W. L. Bell, dated August 11, 1942, in which J. H. Oldham conveyed to Bell the above described 410 acres of land, ''except 6.42 acres more or less for drainage canal right of way, and except all minerals and mineral rights, heretofore sold and conveyed, and containing in all four hundred three acres and 58/100 of an acre, more or less''; also a deed from W. L. Bell to John Albert Smith, dated January 26, 1943, in which Bell conveyed to John Albert Smith the above described 403.58 acres of land, ''except all minerals and mineral rights, heretofore sold and conveyed''; also a deed from John Albert Smith to Jim Ab Smith dated August 1, 1944, in which John Albert Smith conveyed to Jim Ab Smith the above mentioned 403.58 acres of land, ''except all minerals and mineral rights heretofore sold and conveyed''; also a deed from J. A. Smith to J. I. Love and W. V. Fortner signed and delivered on August 21, 1948, in which J. A. Smith conveyed to J. I. Love and W. V. Fort-

ner the above described 403.58 acres of land, ''except all mineral rights in and to the above described land''; also a deed from J. I. Love to W. V. Fortner dated March 12, 1951, in which Love conveyed to Fortner his undivided one-half interest in said land; (not including, however, the SE¼ and the SE¼ of the SW¼ of Section 11); also a deed from W. V. Fortner to C. P. Fortner dated July 22, 1952, in which W. V. Fortner conveyed to C. P. Fortner an undivided one-half interest in the above described 403.58 acres of land; also deed of release and quitclaim from John Albert Smith and Jim Ab Smith to C. P. Fortner and W. V. Fortner dated September 29, 1952, in which the grantors released and quitclaimed to the grantees the above mentioned 403.58 acres of land, ''excepting therefrom the undivided interest in and to all oil, gas and other minerals of every kind and character in or under the said land J. H. Oldham conveyed to Samuel C. Oldham and John C. Oldham on the 9th day of June, 1942, by instrument recorded in Oil and Gas Book 1, at page 56, in the office of the Chancery Clerk of Choctaw County, State of Mississippi.''

Samuel E. Oldham, testifying on behalf of the defendants, stated that he was a son of the late J. H. Oldham and a brother of John C. Oldham, his co-defendant. The witness then identified the original mineral deed executed by J. H. Oldham to Samuel E. Oldham and John C. Oldham on June 9, 1942, and the mineral deed was offered in evidence. He stated that after the execution of said instrument he paid the ad valorem taxes on the minerals on said land, and identified the ad valorem tax receipts for the years 1946 and 1947. He stated that he had also filed an application for ad valorem tax exemption on the oil, gas and other mineral interests created prior to June 10, 1946, and had paid the mineral documentary tax required under House Bill No. 868, Laws of Mississippi Regular Session 1946, and offered in evi-

dence a receipt signed by the chancery clerk showing payment of the mineral documentary tax.

The chancellor held that the mineral deed executed by J. H. Oldham to Samuel E. Oldham and John C. Oldham on June 9, 1942, was void "for want of any description as to what was being conveyed." The chancellor held that since the mineral deed was void, all of the other reservations contained in the successive deeds were void for want of description of the minerals reserved, and that the complainants were the owners of a fee simple title to the lands which included the minerals. A decree was accordingly entered cancelling the mineral deed and vesting title to the minerals in the complainants, W. V. Fortner and C. P. Fortner, and confirming said title.

The appellants argue only two points as ground for reversal of the decree of the lower court, first, that the chancellor erred in overruling the demurrer filed by the defendants to the amended bill of complaint, and, second, that the chancellor erred in holding that the complainants were the owners of the oil, gas and mineral rights in the above mentioned 403.58 acres of land.

In view of the conclusions that we have reached on the merits of the case, it is not necessary that we consider at this time the chancellor's ruling on the demurrer.

We think that the chancellor erred in holding that the complainants were the owners of the oil, gas and mineral rights in the lands. The complainants' deraignment of title showed that their claim of ownership rested upon the deed executed by J. H. Oldham to W. L. Bell on August 11, 1942. In that deed the grantor expressly excepted "all minerals and mineral rights, heretofore sold and conveyed." The same exception was incorporated in the deed of conveyance from Bell to John Albert Smith, and in the deed of conveyance from John Albert Smith to Jim Ab Smith. The mineral rights were also expressly excepted in the deed from J. A. Smith to J. I. Love and W. V. Fortner. The exception does not appear

in the deed from J. I. Love to W. V. Fortner dated March 12, 1951; but when J. I. Love executed that deed conveying his undivided one-half interest in the land to W. V. Fortner he owned no mineral interest in the lands and consequently no mineral interest was conveyed by him to Fortner. And the same thing is true as to the deed executed by W. V. Fortner to C. P. Fortner on July 22, 1952. Likewise no interest in the mineral rights was conveyed to the complainants by the quitclaim deed executed by John Albert Smith and Jim Albert Smith to C. P. Fortner and W. V. Fortner on September 29, 1952.

■■ The appellees contend that the description of the mineral rights which J. H. Oldham undertook to convey to Samuel E. Oldham and John C. Oldham in the mineral deed dated June 9, 1942, is so vague, indefinite and uncertain that the mineral deed itself was ineffective to convey title to any mineral interest in the land. But it is well settled that the appellees in a case of this kind must rely upon the strength of their own title and not upon the weakness of the title of the appellant. If W. L. Bell acquired no title to the minerals under the deed executed by J. H. Oldham on August 11, 1942, none of his subsequent grantees were able to convey title to the appellees.

■■ The exception of all minerals and mineral rights, contained in the deed from J. H. Oldham to W. L. Bell, was a valid exception; and the validity of the exception was not dependent in any way upon the validity of the mineral right and royalty transfer instrument which had been executed by J. H. Oldham to the appellants on June 9, 1942.

■■ It is always competent for the vendor to convey the fee in land to the vendee and to except therefrom some part of the land conveyed. The office of an exception is to exclude from the operation of the grant some existing portion of the estate or parcel granted which

would otherwise pass under the general description of the deed.

    ■■ "So, a valid exception may be made of such portion of the grantor's land as has been previously sold or conveyed, as where a deed is made subject to the conditions and provisions of a prior conveyance, or where it purports to convey the grantor's 'remaining interest.'
■■ Further, when certain tracts excepted are specifically described, and it is further recited that they have been previously sold or conveyed, the exception will be good, although the recital is false since it may be rejected, or although the prior conveyance did not effectuate a transfer of the property described therein, or even though the property previously conveyed reverts to the grantor by reason of the grantee in the prior conveyance ceasing to use it for the purpose prescribed in the deed." 26 C. J. S. 450, Deeds, par. 139 c.

The rule applicable in such cases is stated in 16 Am. Jur. p. 619, Deeds, par. 318, as follows: "An exception of a specific part of the subject matter of the grant is effectual to exclude it from the grant notwithstanding an untrue circumstance is recited in relation to the excepted part. Thus, where the grantor 'reserved,' that is, excepted numbered lots from his grant as 'sold' it has been held that all the lots were excepted although some had not been sold."

In the case of King et al. v. Jones et al., 199 Miss. 666, 24 So. 2d 860, the Court held that the description of land embraced and included in a mortgage to the Federal Land Bank as "the SE¼ of Section 24, less 20 acres off the South end owned by Sam Jones, T 10, R 3 W," was a legal description, even though Sam Jones did not own the entire 20 acres off the South end of the quarter at the time of the execution of the deed of trust; and that there was no merit in the contention of the Federal Land Bank that the mistaken recital in the exception as to Jones' ownership made the exception void for uncer-

tainty, with the consequence that the Land Bank acquired the entire SE¼.

In the case of Georgia Vitrified Brick & Clay Co. v. Georgia R. & Banking Co. (1919), 148 Ga. 650, 98 S. E. 77, the Court said: "A plaintiff must recover on the strength of his own title, not on the weakness of the title of his adversary. Powell on Actions for Land, Sec. 130, and citations. Where a deed excepts from its provisions certain land as conveyed in a specified deed recited to have been formerly executed by the grantor to another person, such grantee does not thereby acquire the land so excepted; and in a suit by such grantee against such other person, to cancel the former deed and have the title to the land conveyed thereby decreed to be in the plaintiff, where the petition with the exhibits made a part thereof showed upon its face the existence of facts as indicated above, the case was properly dismissed upon general demurrer. (a) It would not affect the case even if the former deed had not been delivered, or if the witnesses thereto were incompetent, or if it was not upon a valuable consideration, or if the plaintiff exercised adverse possession for 15 or 16 years, or if the grantee in the senior deed (a corporation) did not have charter power to own land."

The general rules relating to the construction and operation of deeds and of reservations and exceptions therein ordinarily control the construction of grants or reservations of minerals or mining rights; and this includes the rules to be applied in determining whether or not under the terms of particular instruments the minerals or mining rights have been conveyed or whether they have been reserved or excepted. 58 C. J. S. p. 312, Mines and Minerals, par. 155 a.

"Where mineral rights have been granted or reserved, a successor grantee of the surface of the land takes subject to the grant or reservation of the mineral rights, at least where the successor grantee of the sur-

face has notice of the mineral rights.'' 58 C. J. S., p. 314, Mines and Minerals, par. 155 a.

In the case of Cook v. Farley, 195 Miss. 638, 15 So. 2d 352, the Court held that a provision in a deed excepting from a conveyance of land all minerals, which the deed recited the grantors had promised to convey to their son, was effective to retain title to the minerals in the grantors, although no estate therein passed to the son.

In the case of Wilson v. Gerard, et al., 213 Miss. 177, 56 So. 2d 471, the Court held that in general a grantor who makes a reservation or an exception in his deed does not part with the title to that which is thus excepted or reserved, and where not already outstanding in another necessarily remains with the grantor; and such an exception or reservation will be good as to property recited to have been previously sold or conveyed, although the recital is false. And in that case the Court held that a deed to a tract of land described therein containing the words immediately following the description: ''Subject to one-half interest in mineral and oil rights as conveyed to Wm. Henderson,'' conveyed only a half-interest in the minerals and oil even though the person named as having been the grantee of the other half was a fictitious person; and the representation that such an interest had been conveyed did not amount to a legal fraud since if the representation had been true the grantee in the deed would still have received only a half-interest in the minerals and oil.

The exception of all minerals and mineral rights contained in the deed from J. H. Oldham to W. L. Bell dated August 11, 1942, was in our opinion a valid exception, and W. L. Bell acquired no interest in the minerals and mineral rights under and by virtue of that deed; and this is true whether the mineral instrument theretofore executed by J. H. Oldham to Samuel E. Oldham and John C. Oldham was valid or not. W. L. Bell acquired no title to the minerals and mineral rights in and on the above

mentioned lands under and by virtue of the above mentioned deed, and the appellees acquired no title to the minerals and mineral rights in or on said lands under and by virtue of the deeds subsequently executed by Bell's grantees.

For the reasons stated above the decree of the lower court is reversed in so far as it undertakes to vest in the appellees title to the minerals and mineral rights in or on said lands and confirm said title in the appellees, and in so far as it undertakes to cancel the above mentioned mineral instrument executed by J. H. Oldham to the appellants on June 9, 1942; and the bill of complaint is dismissed with prejudice in so far as it relates to the confirmation of the appellees' title to the oil, gas and minerals on said land and the cancellation of the appellants' claim to the oil, gas and minerals on said land. That part of the decree confirming the appellees' title to said lands, except and exclusive of the oil, gas and minerals in and on said lands, is affirmed. The appellees shall be taxed with all costs incurred in the lower court and all costs incurred on this appeal.

Affirmed in part, reversed in part, and judgment rendered in favor of the appellants.

*McGehee, C. J.,* and *Hall, Arrington* and *Gillespie, JJ.,* concur.