320 So.2d 383 (1975)
Gilbert B. PFISTERER
v.
John D. NOBLE and Cities Service Oil Company.
No. 48191.
Supreme Court of Mississippi.
August 18, 1975.
E.R. Arrington, Hazlehurst, for appellant.
Armstrong & Hoffman, Hazlehurst, W. Roger Jones, Jackson, for appellee.
Before RODGERS, ROBERTSON and BROOM, JJ.
BROOM, Justice.
A cloud suit was brought by appellant, Pfisterer, against appellees, Noble and Cities Service, in the Chancery Court of Copiah County, Mississippi. Appellees' demurrer was sustained by the chancellor and appellant (declining to plead further) was granted leave to bring this appeal. We affirm.
The chief issue before us is whether a provision of a warranty deed excepted all of the oil, gas and minerals. It reads:
This conveyance and warranty herein are made subject to prior reservations and conveyances of all of the oil, gas and other minerals in, on and under said lands.
Source of appellant's title is a deed (containing the quoted language) dated March 24, 1969, from one Magee and wife, who on that date owned on undivided one-eighth (1/8) interest in the oil, gas and other minerals pertaining to the land conveyed unto appellant. Magee had previously sold all the oil, gas and minerals, but repurchased one-eighth (1/8) prior to March 24, 1969. Appellant contends that the deed *384 conveyed to him the grantor's undivided one-eighth oil, gas and mineral interest in the lands conveyed to him by the warranty deed. In sustaining demurrers of the appellees, the chancellor in effect ruled that all oil, gas and minerals were excepted by the deed in question and, therefore, the appellant acquired title only to the surface of the land. Subsequent to the Magee deed to appellant, Magee conveyed his mineral interest in the land to appellee Noble, who executed an oil, gas and mineral lease to the other appellee, Cities Service. The Magees were not parties to the suit.
In construing a written instrument, the task of courts is to ascertain the intent of the parties from the four corners of the instrument. Rogers v. Morgan, 250 Miss. 9, 164 So.2d 480 (1964); Ewing, Reservations and Exceptions of Minerals in Mississippi Conveyancing, 39 M.L.J. 39, 42 (1967). Courts look at the instrument under consideration as a whole and determine what the parties intended by giving a fair consideration to the entire instrument and all words used in it. Welborn v. Henry, 252 So.2d 779 (Miss. 1971). When a written instrument is clear, definite, explicit, harmonious in all its provisions, and is free from ambiguity, a court in construing it will look solely to the language used in the instrument itself. In such a case a court will give effect to all parts of the instrument as written. Sumter Lbr. Co., Inc. v. Skipper, 183 Miss. 595, 184 So. 296; sugg. of error overruled 183 Miss. 595, 184 So. 835 (1938).
Pertinent is Wilson v. Gerard, 213 Miss. 177, 56 So.2d 471 (1952), where the court was confronted with a deed which stated, "subject to one-half interest in mineral and oil rights as conveyed to William Henderson." Henderson, who was named in the controversial clause there was non-existent, and, regardless of that, the court held that the mineral and oil rights remained in the grantor and did not vest in the grantee.
In Oldham v. Fortner, 221 Miss. 732, 74 So.2d 824 (1954), the court in interpreting a deed providing "except all minerals and mineral rights, heretofore sold and conveyed ..." held that such a provision was an exception. See also, 26 C.J.S. Deeds § 140(1), at 1010 (1956), where it was stated: "Property which is excepted is not granted; it does not pass to the grantee, but, when not already outstanding in another, necessarily remains with the grantor." See also, 23 Am.Jur.2d Deeds § 264, at 300-01 (1965).
We find no ambiguity in the language before us for construction and therefore this case is not controlled by cases dealing with ambiguities. Payne v. Campbell, 250 Miss. 227, 164 So.2d 780 (1964); Salmen Brick & Lbr. Co. v. Williams, 210 Miss. 560, 50 So.2d 130 (1951); and Richardson v. Moore, 198 Miss. 741, 22 So.2d 494 (1945). The disputed language cannot logically be interpreted as a mere limitation of the Magees' warranty as might be the case had it simply stated the warranty was subject to prior reservations, etc. Such a case is not before us because the language used significantly and clearly made two things: (1) the "conveyance", and (2) the "warranty" subject to "prior reservations and conveyances of all" (emphasis added) oil, gas and minerals. Our conclusion is that the chancellor correctly decided that the language excepted all the mineral rights, rather than only such rights as were vested in parties other than appellant's grantors, the Magees, at the time of the conveyance in question.
Affirmed.
GILLESPIE, C.J., and PATTERSON, INZER, SMITH, SUGG and WALKER, JJ., concur.