468 So.2d 865 (1985)
Sarah R. MILLER, et al.
v.
James H. LOWERY, et al.
No. 54742.
Supreme Court of Mississippi.
May 1, 1985.
Rehearing Denied May 22, 1985.
*866 Walker L. Watters, C.M. Pumphrey, Gerald, Brand, Watters, Cox & Hemleben, Jackson, William L. Ducker, Purvis, for appellants.
William J. Gamble, Hudson, Gamble & Parker, Purvis, for appellees.
Before WALKER, ROBERTSON and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
Appellant, Sarah Miller acquired fee simple title both surface and mineral estates to a tract of land in Lamar County in 1960. Subsequently in August 1977, she conveyed fee simple title to Luke Pace and his wife by warranty deed. She also executed a quit claim deed to Pace and his wife some two years later. Luke Pace and wife gave fee simple title to Jerry Lynn Pace and wife by warranty deed in June 1979. Finally, Jerry Lynn Pace and wife conveyed fee simple title to James Lowery and wife by warranty deed in March 1980. Sarah Miller's conveyance contained the following clause:
Subject to the reservation of all oil, gas and other minerals in, on and under the above described land by prior grantors.
However, there were no such reservations by any prior grantors.
Appellant Sarah Miller and her grantees testified that she intended to retain the mineral rights to the estate by this clause. The Lowerys did not inquire as to the state of the mineral rights, but noted that they were purchasing all the Pace's interest in the land. Luke Pace and wife, in conveying the property to Jerry Pace and wife, stated in their deed:
This conveyance is made subject to prior reservations of all the oil, gas, minerals in, on and under said land.
The deed under which the Lowerys took the land noted that:
This conveyance is made subject to prior reservation of all the oil, gas and other minerals in, on and under the above described property.
Appellants contend that the clause in the Sarah Miller conveyance operated to sever the mineral rights from the land. The chancellor ruled otherwise, finding that the "subject to" language expressed an intent only to protect grantor's warranty in the instruments and were not intended to act as a severance of the minerals.
Sabine Oil Company executed a lease of the mineral rights with Sarah Miller in November 1980; Vernon Lindsey and wife executed a lease of the mineral rights with James Lowery and wife in February 1981. The learned chancellor found that the Sabine Oil Lease was a cloud on appellee's title, and found it invalid; he found Sarah Miller's two royalty deeds to co-appellant William Simmons to be a cloud on the title and also invalid. He upheld the Lowery-Lindsey lease, we affirm.
Appellants rely on three cases to support their argument. In Oldham v. Fortner, 221 Miss. 732, 74 So.2d 824 (1954), Fortner, a distant grantee in the chain of title, discovered that one of the prior conveyances was void, and he contended that since the conveyance was void the exception in the deed of all mineral rights sold and conveyed was invalid. This Court found the exception valid, noting that a grantor who makes reservation or exception to his deed, does not part with title to that which is excepted or reserved, such exception or reservation being good as to the property recited to have been previously sold and conveyed, even though the recital is false. However, the clause complained of in Oldham *867 used the language "excepting" rather than "subject to". The fact that a specific exception, if found invalid, may still operate to except a mineral interest from the deed, is not controlling in the case at bar. Here, the only operative phrase is "subject to prior reservation", and there were no prior reservations.
Appellant also cites Wilson v. Gerard, 213 Miss. 177, 56 So.2d 471 (1952), wherein the deed stated that it was "subject to one-half interest in mineral and oil rights conveyed to William Henderson." It was found that Henderson was a fictitious person, but this Court allowed the clause to reserve unto the grantor title to one-half the mineral rights. The Court noted the exception was good as to property recited to have been previously sold and conveyed, even though the recital proved to be false. The grantee thus received what he bargained for. Wilson is distinguishable from the case at bar in that it deals with a specific exception. Although the same "subject to" language was used in Wilson, the specificity of the reservation presents a factually distinguishable situation.
Appellants also cite Pfisterer v. Noble, 320 So.2d 383 (Miss. 1975). A very similar clause to the one in the case at bar is contained in a deed there:
This conveyance and warranty herein remain subject to prior reservations and conveyances of all of the oil, gas and other minerals in, on and under said lands.
This Court held that that phrase operated to except all mineral rights reserved or conveyed before the subject deed, rather than only such rights as were vested in the parties other than the grantors at the time of the conveyance. This Court noted that the intent of the parties is to be ascertained from the four corners of the instrument and where it is clear, explicit, harmonious and free from ambiguity, the Court will look solely to the language used in the instrument itself. Unlike the instant case, in Pfisterer there were actual prior reservations of mineral rights. The Court noted that the disputed language could not logically be interpreted as a mere limitation on a prior grantor's warranty "as might be the case had it simply stated the warranty was subject to prior reservations."
In Ewing, Reservation and Exception of Minerals in Mississippi Conveyancing, 39 Miss.L.J. 39 (1967), it is stated that where a deed states land is conveyed "subject to" a mineral interest, these words are considered the equivalent of "reserving"; citing Wilson, supra. This is true where the "subject to" language is coupled with an actual prior reservation or exception. It is overreaching to state that "subject to" standing alone is the functional equivalent of "reserving".
As noted by the chancellor below, the clause in controversy merely operated to protect the grantor's warranty of title. We find that this clause is not, nor has it ever been, sufficient to reserve mineral rights without a formal severance.
Finally, appellant argues that the Miller deed should be reformed to reflect the intentions of the parties. However, normal prerequisites to reformation are not met here. It is well established that we will not correct a mistake in a written agreement as against a bona fide purchaser without notice affected thereby. Even if the "subject to" language is deemed to put the grantees on notice, a search of the county records would reveal no such prior reservations. Reformation is an extreme remedy and one which should always be carefully considered. Lamar v. Lane, 170 Miss. 260, 154 So. 709 (1934). We hold that it is not a proper remedy here.
For the foregoing reasons, we affirm.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
SULLIVAN, J., not participating.