ON PETITION FOR REHEARING
DAN M. LEE, Presiding Justice, for the Court:
This case was handed down as per cu-riam affirmed on February 22, 1989. The petition for rehearing was duly filed and considered by the Court en banc at which time it was determined that an opinion would be published. Accordingly, the per curiam affirmance is withdrawn and the following is handed down as the opinion of this Court.
This appeal is from an adverse ruling of the Chancery Court of the First Judicial District of Hinds County, Mississippi, in the November 1986 term of court. Suman Corporation appeals from a judgment of the chancery court denying it an injunction to prevent Warren from using Office Plaza Drive for his access to and from his abutting property. The court found that even though Suman owns Office Plaza Drive, Warren has the right to use it.
Aggrieved by the lower court’s final order, Suman Corporation appeals and assigns as error:
I. The Chancellor Erred in Holding that W.W. Warren, as the Owner of the Property Adjacent to Office Plaza Drive, a Private Street Owned by Su-man Corporation, has a Right to Use Office Plaza Drive for Ingress and Egress Against the Wishes of Suman, Without Warren Having any Legal Basis for that “Right.”
II. The Chancellor Erred in Dismissing the Complaint to Enjoin Warren’s Use of Office Plaza Drive.
*1124 III. The Chancellor Erred in Finding that J.B. McGehee Intended to Dedicate Office Plaza Drive to the City, Without Restrictions, in Light of J.B. McGehee’s Express Refusal to Dedicate Office Plaza Drive.
Finding no reversible error, we affirm.
STATEMENT OF THE FACTS
The chancellor correctly pointed out that the majority of the facts of this case are not in dispute, most of which were stipulated to at the opening of the trial.
In 1964, J.B. McGehee, a real estate developer, bought a tract of land in the city of Jackson, which tract was bounded on the east by 1-55 Frontage Road and on the south by Bounds Street. This tract was ultimately to be developed into a property named Office Plaza. McGehee constructed a street through the southeast corner of this property, Office Plaza Drive, which is the focus of this case. The street runs in an inverted-L-shape direction. The upper east-to-west leg runs from roughly the center of the property to Frontage Road; the north-to-south leg ends at Bounds Street. The street was built wide enough to allow for diagonal parking as well as two-way traffic. McGehee intended the street to be used by the public and, in fact, planned to dedicate the street to the City of Jackson. The city, however, would not accept the street if diagonal parking was to be allowed on it. McGehee refused to dedicate the street under those conditions. Nevertheless, the street has been used continuously by the public since its construction.
McGehee eventually divided the property into smaller tracts.
On May 13, 1976, McGehee conveyed one of these smaller tracts to John A. “Kayo” Dottley by warranty deed. This tract was fronted by Office Plaza Drive on the north and by Frontage Road on the east; the western and southern boundaries were landlocked.
On December 15, 1983, McGehee conveyed another tract by warranty deed to Suman Corp. This inverted-L-shaped tract wraps itself around Office Plaza Drive from the street’s beginning at Frontage Road to its end at Bounds Street — north of Office Plaza Drive in its east-west leg, and west of Office Plaza Drive in its north-south leg. The same day this tract was conveyed to Suman by warranty deed, McGehee also conveyed to Suman by quitclaim deed the land which comprises Office Plaza Drive. The quitclaim deed contained the following paragraph:
The above described property is presently utilized as a private street or roadway known as Office Plaza Drive and same is conveyed hereby subject to the rights of all parties owning property abutting said Office Plaza Drive, their heirs, successors, assigns, invitees and guests, to utilize and use same for parking and for street or roadway purposes. At any time in the future, either the grantor herein or the grantee herein, their heirs, successors or assigns, shall have the right and privilege to dedicate same to public uses or to grant, convey or dedicate same to the City of Jackson, Mississippi for street purposes.
[Emphasis added].
On January 4, 1985, Dottley conveyed this tract to W.W. Warren, after which Warren constructed a commercial building on the property with two driveways accessing Office Plaza Drive. (There is also a driveway from Frontage Road onto the Warren property.)
On April 29, 1986, Suman Corporation brought suit for damages and to enjoin Warren from using Office Plaza Drive for ingress to and egress from the Warren property. Suman charged that it had been damaged by Warren’s unauthorized use of Office Plaza Drive for the daily ingress and egress of 18-wheel trucks to and from Warren’s property. Suman alleged it not only had suffered the increased wear and tear on the street caused by these trucks, but also had lost the use of much-needed parking space, as well as the quiet and peaceful enjoyment of the property. (Since purchasing Office Plaza Drive in 1983, Su-man Corporation has paid taxes on Office Plaza Drive, maintained liability insurance on the property, and kept it in repair.)
*1125 The ease was heard on November 27, 1986, by the late Chancellor Paul G. Alexander. On January 13, 1987, the chancellor issued an opinion dismissing Suman Corporation’s complaint. The chancellor found that although Office Plaza Drive was owned by Suman Corporation, Warren was entitled to use the street.

Proposition No. I

Warren Has No Right to Use Office Plaza Drive Pursuant to a Prescriptive Easement Because There Has Not Been Ten Years of Adverse Use.
Suman contends that ten years are required in Mississippi to acquire a prescriptive easement. See Alcorn v. Sadler, 71 Miss. 634, 14 So. 444 (1893), Warren County v. Mastronardi, 76 Miss. 273, 24 So. 199 (1898), and Miss.Code Ann. § 15-1-13 (1972). Since J.B. McGehee owned both the dominant Warren property and the subservient Office Plaza Drive until May 13,1976, the ten-year period of adverse possession could not begin to run until that date. Thus, Suman maintains the ten years adverse possession did not elapse prior to their filing suit on April 29, 1986. Suman fails to note, however, that since McGe-hee’s acquisition of the property in 1964, Office Plaza Drive has been in continuous use by the public since its construction.
Suman’s real argument, however, centers on the weakness of Warren’s title rather than the strength of its own. With this we agree; however, this affords no- comfort to Suman because the learned chancellor turned nothing on prescriptive easement acquired by ten years’ adverse possession, nor do we. More specifically, Su-man attempts to maintain its right to in-junctive and other relief by pointing out the weaknesses in Warren’s title. This Suman may not do since the relief sought here is harsh and highly penal and, therefore, only granted to one clearly entitled thereto. By analogy to the present situation, this Court, reviewing an action to quiet and confirm title, reasoned that a plaintiff must rely upon the strength of his own title and not upon the weakness of the title of the defendant. See Oldham v. Fortner, 221 Miss. 732, 74 So.2d 824 (1954). Thus, we believe that Suman must rely on the strength of its own title in order to injoin Warren from using Office Plaza Drive. There is no merit to this assignment.

Proposition No. II

Warren Has No Right to Use Office Plaza Drive as a Public Street, Because Office Plaza Drive Has Never Been Dedicated to Public Use, Either by Formal Dedication, Prescription or Implication.
Warren contends that an implied or prescriptive dedication of the street had occurred as a result of the public use of Office Plaza Drive since 1965. The lower court held, contrary to Warren’s contention, that Suman owns Office Plaza Drive, apparently rejecting the implied dedication argument; however, Suman also points out that parts of the court’s opinion below appears to have adopted the implied dedication theory.
Suman maintains that the implied dedication theory fails due to the fact that the City of Jackson never accepted dedication of the street, either formally or by implication, citing Armstrong v. Itawamba County, 195 Miss. 802, 16 So.2d 752 (1944), which dealt with acquisition of right-of-way for a public road where the road had been maintained by the public. The chancellor found Office Plaza Drive was a private street, therefore rejecting Warren’s contention. We agree that Armstrong, supra, has no direct application here.

Proposition III

The Fact that McGehee Quitclaimed Office Plaza Drive to Suman has No Bearing on Whether Office Plaza Drive is a Public or Private Street and has No Bearing on Whether Warren Has a Right to Ingress and Egress Over Office Plaza Drive.
Suman contends that the lower court found that Suman, having obtained title by quitclaim, coupled with the fact that the public has used the street, somehow creates a right in Warren to use the street for access to his property. Suman says that the distinction between quitclaim deed and *1126 a warranty deed applies only to matters of record. In Rosenbaum v. McCaskey, 386 So.2d 387 (Miss.1980), this Court writes:
To determine what interest passes by quitclaim deed, a grantee, or any interested person, must look to the chain of title prior to the deed to determine what interests the grantor had to convey and subtract therefrom any express reservation in the quitclaim.
Id. at 389. Based on Rosenbaum, Suman points out that any right which Warren had would have had to be created independently of a quitclaim.
We agree that Rosenbaum is applicable to the facts at hand. More specifically, Suman as the grantee is limited to the interests which J.B. McGehee, the grantor, had conveyed to it, and did not acquire that interest which was expressly excepted from the conveyance. The quitclaim deed from McGehee to Suman in pertinent part reads:
Office Plaza Drive ... is conveyed hereby subject to the rights of all parties owning property abutting said Office Plaza Drive ... to utilize and use same for parking and for street or roadway purposes.... At any time in the future, either the grantee herein, their heirs, successors or assigns, shall have the right and privilege to dedicate same to public uses or to grant, convey or dedicate same to the City of Jackson, Mississippi, for street purposes.
We find that this is an exception from McGehee’s grant to Suman Corporation. See Wilson v. Gerard, 213 Miss. 177, 56 So.2d 471 (1952):
In general a grantor who makes a reservation or exception to his grant does not part with his full title or dominion. Property which is excepted is not granted; it does not pass to the grantee, but, where not already outstanding in another, necessarily remains with the grantor.
McGehee specifically excepted from the Su-man deed the abutting landowners’ right to use Office Plaza Drive for parking, street, and roadway purposes. In other words, McGehee did not convey to Suman the right to terminate the abutting landowners’ rights to utilize Office Plaza Drive for parking, street or roadway purposes; to the contrary, such was specifically withheld from Suman by the same instrument through which Suman claims title. It seems bizarre that Suman now insists that the court give it an interest in real estate that it did not acquire from the grantor in the first place.
Granting an injunction to terminate street and roadway rights of abutting owners to Office Plaza Drive in this case would have the effect of writing out of the deed to Suman the exception written into the deed by the grantor. This we should not do.
We find that the quality and quantity of interest in Office Plaza Drive which ordinarily would grant the grantee (Suman) the right to enjoin an abutting owner (Warren) was specifically excepted and withheld from Suman Corporation. The effect is that Suman acquired title to Office Plaza Drive subject to “all parties owning property abutting said Office Plaza Drive ... for parking and for street or roadway purposes.” Without the right to terminate the abutting owners’ rights, Suman is not equitably entitled to an injunction to terminate an abutting owner’s (Warren’s) rights.
We further find that Mr. McGehee reserved the right for himself or his heirs to dedicate the property for public use at a future date.
CONCLUSION
Considering the exceptions and reservations in Suman’s quitclaim deed, we find that Suman had no right to enjoin W.W. Warren as an abutting landowner from using Office Plaza Drive for “parking, street and roadway purposes.” We also find that the chancellor was correct in holding that “the street is owned by the plaintiff, but that the defendant has a right to use the street as it is now laid out and constructed....” Accordingly, the final judgment of the Chancery Court of the First Judicial District of Hinds County, Mississippi, dated January 28, 1987, is affirmed.
AFFIRMED.
*1127 ANDERSON, J., concurs.
ROBERTSON, J., concurs in the judgment and files a separate written opinion in which ROY NOBLE LEE, C.J. and PRATHER, J., concur in part, and in which DAN M. LEE, P.J., concurs in the part as to prescriptive rights of public use.
BLASS, J., concurs in the judgment and files a separate opinion in which PRATHER, J., concurs.
PITTMAN, J., dissents and files a separate written opinion in which HAWKINS, P.J., and SULLIVAN, J., concur.