## HATHAWAY vs. JUNEAU.

One who had no interest in certain lots except as one of the heirs of J. J., gave a mortgage upon "all her interest" in the lots, "as one of the heirs of S. J., deceased." *Held*, that the mortgage covered all the interest which she had in the lots at the time of its execution, and that an action to reform it by correcting the erroneous statement as to the origin of her title, was unnecessary and could not be maintained.

APPEAL from the Circuit Court for *Milwaukee* County.

*Ellen F. Juneau* executed a mortgage to *Hathaway* upon property described as "all her interest as one of the heirs of Solomon Juneau, deceased, in and to lots seven and eight,"

&c. The interest which she had in the lots, descended to her as the heir of Josette Juneau and not of Solomon Juneau. The present action was brought before the mortgage debt was due, to reform the mortgage, by correcting the erroneous statement as to the origin of the defendant's title, and in the meantime to restrain the defendant from any alienation of the property to the prejudice of the mortgagee. The complaint alleged that at the time of the execution of the mortgage, said *Ellen* represented to the plaintiff that she acquired her interest in said lots by descent from her father, Solomon Juneau; that the plaintiff then believed that representation to be true, and that the error in said description was occasioned either by the mistake of the defendant as to the origin of her title, or by her fraud in mis-stating it. The answer denied all the material allegations of the complaint. The circuit court found that the material facts stated in the complaint were true, and adjudged that the description contained in the mortgage should be altered and reformed by inserting therein, immediately after the words " heirs of Solomon Juneau, deceased," the words " or as one of the heirs of Josette Juneau, deceased, or otherwise."

*E. Mariner*, for appellant.

*Waldo, Ody & Van*, for respondent.

By the Court, COLE, J. It is conceded that those allegations of the complaint which state that the defendant made representations, fraudulently or through mistake, in respect to her title in the property mortgaged, are certainly unsupported by the evidence. She made no representation of any kind as to the origin of her title, when she executed the mortgage, but signed the instrument as it had been drawn by the respondent, who acted upon his knowledge of the matter in describing the property. He supposed that she acquired her interest in the property as heir of Solomon Juneau, her father. But this mistake in stating the origin of her title was attributable certainly to his own imperfect knowledge in respect to the condition of the property, and not to anything said or represented to him by the appellant.

May 15.

But the proof shows beyond all controversy, that it was the intention of the parties that the appellant should give a mortgage upon all her interest in the property, from whatever source or however that interest was acquired. Upon this point there is no room for doubt. The only difficulty which the case has presented to our minds, grows out of the consideration, whether the original description in the mortgage is not sufficient to convey all the interest which the appellant may have in the property, however derived, notwithstanding the erroneous statement as to the origin of the title, so as to render an application to reform the mortgage unnecessary.

It is a familiar rule in the construction of grants that such effect is to be given to the instrument as will effectuate the intention of the parties, if the words which they employ will admit of it. Again, it is a familiar, well settled principle, that if there are certain particulars once sufficiently ascertained, which designate the thing intended to be granted, the addition of a circumstance, false or mistaken, will not frustrate the grant. ˙Brooms' Legal Maxims, 498. So it is said if a party release Whiteacre in Dale, which he had by descent on the part of his father, and he had it not by descent on the part of his father, but otherwise, yet the release is good, for the thing is certainly expressed by the first words, in which case the addition of another certainty is not necessary, but superfluous. Id., 495; *Doe vs. Greathed,* 8 East, 104.

Now we understand and construe the description of the property as contained in the mortgage, as being a conveyance of all the interest of the appellant in lots 7 & 8 of block 133 in the first ward of the city of Milwaukee, which she had as heir of Solomon Juneau, thus bringing the case precisely within the rule above laid down. This we think is the effect to be given to the description in this case. There is no uncertainty about the thing mortgaged ; it is her interest in certain lots; but there is an erroneous statement as to the origin or source of title. It is described as being derived by descent from her father, whereas the only interest she had in the property she acquired as heir of her mother, Josette Juneau. But suppose she had simply mortgaged all her interest

in lots 7 & 8 of block 133 in the first ward in the city of Milwaukee, without stating how she acquired that interest; could there be a doubt as to the property intended to be mortgaged? Obviously not. We should then have said, without hesitation, that the appellant had mortgaged whatever interest she had in those lots, however derived. That is, in the language of the authorities above cited, the thing conveyed was certainly expressed by the first words, and the addition of another certainty was not necessary, but superfluous. It was unnecessary to state how she acquired her interest in the property.

It is the ordinary case of a false description, which does not render the mortgage inoperative. The clear intention of the parties was to execute a mortgage upon all the interest of the appellant in the property mortgaged, and we think the language employed is sufficient to effectuate this intention. An application to reform the mortgage in the respect asked for, was therefore unnecessary. The effect of the instrument was to mortgage the entire estate and interest of the appellant in and to the property therein mentioned, which she had at the date of the execution of the instrument.

We think the judgment of the circuit court must be reversed and the cause remanded with directions to dismiss the complaint.