JAMES C. ROBERTS *v.* JOHN ROBERTSON.

*Deed. Exception. Reservation.*

A deed contained a specific description of the land conveyed, and also this clause, "Said J. C. Roberts *reserving lots sold,* Nos. 1, 2, 3, . . . . . . . 32, 33." Lots 32 and 33 had not been *sold. Held,* that the two lots did not pass to the grantee; that the clause is to be construed as an *exception,* and not a *reservation;* that the rule, *falsa demonstratio non nocet,* applies ; that an excepting clause in a deed is, in effect, a *regrant.*

CASE heard at the March Term, 1880, VEAZEY, J., presiding. Trial by court. Action, trespass *quare clausum.* Pleas, not guilty, and two special pleas in bar. Replication to the two special pleas *de injuria,* and issue joined on the first. The case is stated in the opinion of the court.

*C. B. & C. F. Eddy,* for the plaintiff.

The word " sold " is one of *general* description, and is followed by a *definite enumeration* and a *particular description* of each ex-

cluded lot. Words of general description in a deed, are always controlled by those which are more definite and particular in their descriptive character. Greenl. Cruise on Real Prop. vol. 4, pp. 271, 245 ; *Bromerd et al.* v. *Peck & Colby*, 34 Vt. 500 ; *Heyward* v. *Perrin*, 10 Pick. 228 ; 1 Greenl. Ev. s. 301 ; *Ridgway* v. *Bowman*, 7 Cush. 268.

There is no warrant for the application, in this case, of the rule for construing deeds most strongly against grantors. Prof. Washburn, in his treatise on Real Property, vol. 2, p. 628, says that " this rule is the last which courts apply, and is never resorted to so long as a satisfactory result can be reached by other rules of analysis and construction." *Flagg, Admr.,* v. *Eames et al.*, 40 Vt. 16 ; *Adams et al.* v. *Warner et al.*, 23 Vt. 411, 412.

*Kittredge Haskins,* for the defendant.

The enumeration of the lots following the words of exception, " lots sold," was unnecessary. The numbers cannot add to, or take from, that which was actually severed from the grant. The plaintiff had just as much right to enumerate twenty other lots, not sold, under his exception, that he had the two in controversy. He bargained and granted all his title and interest in the land described. To allow the plaintiff to claim the two lots in controversy would be repugnant to the grant, and this the law does not permit. 3 Washb. on Real Prop., 370 ; *Sprague* v. *Snow,* 4 Pick. 54 ; *Cutler* v. *Tufts,* 3 Pick. 272 ; *Hill* v. *Fuller,* 7 Vt. 100 ; *Worthington et al.* v. *Hylyer,* 4 Mass. 196.

The general clause, " lots sold," in the deed, determines its construction, and would convey only lots coming within such description, that is, those which he had previously conveyed, and these would pass, though omitted in the enumeration. *Bott* v. *Burnell,* 11 Mass. 163 ; *Cutler* v. *Tufts,* 3 Pick. 272 ; *Dodge* v. *Nichols,* 5 Allen, 548 ; *Drew* v. *Drew,* 28 N. H. 501 ; *Harvey* v. *Mitchell,* 31 N. H. 575.

If the language used is equivocal, rendering the meaning doubtful, whether the exception or reservation should be construed to cover only " lots sold," in fact, or to embrace all the lots mentioned by number, whether sold or not, it should be taken

against the grantor. *Keith* v. *Day*, 15 Vt. 660 ; *Adams* v. *Warren*, 23 Vt. 411 ; *Flagg* v. *Eames*, 40 Vt. 24.

The opinion of the court was delivered by

POWERS, J. The plaintiff executed to the defendant and others, on the 5th of February, 1870, a deed of certain land, adjoining the cemetery in Putney, with full covenants.

The deed contains a specific description of the land conveyed, and contains also this clause : " Said J. C. Roberts reserving lots sold, Nos. 1, 2, 3, . . . . 32, 33 ."—in all 29 lots designated by number like the foregoing. The plaintiff now claims title to lots 32 and 33 under the clause above quoted. The defendant claims that the plaintiff excepted from his deed such lots only as he had in fact *sold*, and that lots 32 and 33 having in fact never been sold, passed to the grantees in said deed. The word " *reserving*," used in the deed, in strict sense means *excepting*.

The office of an *exception* in a deed is to take something out of the thing granted that would otherwise pass, while a *reservation* creates in favor of the grantor some *new right* out of the thing granted. which was not before *in esse*. The terms, however, as used in deeds, are often treated as synonymous ; and words creating an exception are to have effect as such, although the word reservation is employed. In this case the grantor undertook to withdraw from his grant certain lots ; and his language is to be construed as an exception. The same rules of construction apply to an exception in a deed as govern the grant itself. Indeed, the books treat of an exception upon the theory that it is a regrant by the grantee to the grantor of the estate described in the exception.

It is a fundamental rule that deeds shall be construed in a way to effectuate the intent of the parties. If upon the whole instrument the estate intended to be conveyed can be ascertained with convenient certainty, a further inconsistent or untrue description of it will be disregarded. *Falsa demonstratio non nocet.* Many illustrations of this rule are found in the reported cases. Thus, a deed of all A's interest in lot No. 7, which was conveyed to A by *B*, when in fact A's title came from *C* instead of B, was held to con-

vey A's interest in lot 7. *Hathaway* v. *Juncau*, 15 Wis. 264. The evident intent of the deed was to convey A's interest in lot No. 7. The origin of A's title was mere matter of description of the interest intended to be conveyed, and hence was disregarded. In *Smith* v. *Strong*, 14 Pick. 128, the deed described certain pieces of land by numbers " *in the Boston purchase*," among which were the lots in question, Nos. 15 and 43. These lots, in fact, were not in the " Boston purchase," but north of it ; nevertheless, they were held to have passed on the ground that the specific designation of the lots by number controlled the general description as to their location. In *Doe d. Gains* v. *Rouse*, 5 C. B. 422, the testator devised certain property to his *'dear wife Caroline.'* His lawful wife Mary was living at his death ; but he had gone through the ceremony of marriage with another woman named Caroline, who was living with him at his decease. The words ' *dear wife* ' were false as applied to Caroline, and were in strictness only applicable to Mary. The court held that Caroline took the estate devised, as she was specially named as devisee ; and the words ' *dear wife* ' would be treated as false demonstration.

In all cases the inquiry is, Is there a grant of a specific thing ? if so, the addition of an untrue circumstance attending it, shall not defeat the grant. The description, so far as it is false, is treated as applicable to no subject at all ; so far as it is true, as applicable to one subject only. *Morrell* v. *Fisher*, 4 Exch. 604 ; *Webber* v. *Stanley*, 16 C. B., N. S. 755.

Here lots 32 and 33 are described as lots *sold*. If the grantor had said, " I except all the lots heretofore sold," and had added nothing more by way of description, the reasoning of the defendant would be sound. The exception then would cover only such lots as had in fact been sold. But the plaintiff specially enumerates the lots excepted from his grant, and describes them by number, the only practicable way in which such lots can be described. The false circumstance that they were sold, added to the certain description given, must be disregarded.

Judgment reversed, and judgment for plaintiff for three dollars damages and costs.