L. A. PICH, Appellant,

v.

A. H. LANKFORD et al., Appellees.

No. 6633.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 22, 1956.

Rehearing Denied Nov. 19, 1956.

750

Williams, Broughton & Forbis, Childress, Homer L. Baughman, Fort Worth, for appellant.

G. R. Pate, Fort Worth, James L. Cutcher, Taylor, and Richard D. Bird, Childress, for appellees.

MARTIN, Justice.

This is a suit in trespass to try title brought by appellees, A. H. Lankford, and Bob L. Lankford, against appellant, L. A. Pich and against appellee, Dorothy Canfield Fuehr, and her husband, Theodore Fuehr, A. H. and Bob L. Lankford's right to the title and possession of the surface of the land involved is not disputed. This appeal involves a cross-action in trespass to try title as filed by L. A. Pich and Dorothy Canfield Fuehr seeking judgment for the title and possession to an undivided three-fourths interest in and to the oil, gas, and other mineral in, under and that may be produced from the land in issue.

The case was tried before the court and resulted in a judgment for the Lankfords for the title and possession of all the land and premises in issue, less, however, an undivided one-half of the one-eighth non-participating royalty on all oil, gas and other minerals which may be produced from said land—the title to such royalty interest being adjudged to appellant, L. A. Pich. The title adjudged to the Lankfords was also less an undivided one-fourth of the usual one-eighth non-participating royalty which was adjudged to Dorothy Canfield Fuehr. An appeal from this judgment was taken by L. A. Pich. Appellees, A. H. and Bob Lankford, seek on appeal to recover from appellee, Dorothy Canfield Fuehr, the 1/32 royalty interest adjudged to her by the trial court.

All parties agree that the appellant correctly stated the facts in the cause and the gist of the various deeds in the chain of title as presented by appellant will be stated here as such deeds determine the issue of title involved. L. A. Pich was originally owner of the fee simple title of the land in question and the entire mineral estate thereunder. By deed dated September 28, 1929, L. A. Pich conveyed such property to F. D. Turner, reserving an undivided one-half of the full 1/8 royalty. No dispute has arisen in this cause concerning this reservation of one-half of the 1/8 royalty. Turner conveyed the property to Lewis B. Adams by warranty deed without mentioning the outstanding royalty interest. Adams and wife delivered a warranty deed conveying the lands to S. J. Higgs and such deed contained the following royalty res-

ervation clause: "and grantors herein reserve one-fourth of all royalty, the same being ⅟₃₂ of all oil and gas produced from said land." This one-fourth royalty interest was conveyed by Lewis B. Adams to Cecil H. Canfield who conveyed the same to appellee, Dorothy Canfield Fuehr. S. J. Higgs' administrator, under authority obtained through probate proceedings as stipulated to be regular, conveyed such property to Collins Howard by deed dated October 18, 1941, and this deed contained no reservation or exception of minerals or royalty. Collins Howard then conveyed the property to W. J. Sharp and wife by deed dated January 26, 1943. This deed contained a description of the land as conveyed and also the following exception:

"Save and Except an undivided three-fourths of the oil gas and minerals in, on and under said land, which have been heretofore reserved."

W. J. Sharp and wife then conveyed the land in dispute, together with other lands, to appellees, A. H. Lankford and B. L. Lankford, by deed dated September 26, 1947, and containing the following clause:

"Save and Except and undivided three-fourths of the oil, gas and other mineral in and under the Southwest Quarter thereof, and an undivided one-fourth of the minerals in and under the remainder of said survey, which minerals do not belong to the grantors herein."

Appellant, L. A. Pich, obtained a quit claim deed from both Collins Howard and wife and W. J. Sharp and wife as to the mineral interest as excepted by them in their conveyance as above shown.

Under the above record of title, L. A. Pich contends that he is the owner of an undivided three-fourths of all the oil, gas and other mineral in, on, under and may be produced from said land in question subject to an undivided one-fourth royalty interest owned by Dorothy Canfield Fuehr. L. A. Pich agrees that such one-fourth royalty interest should be carved out of his three-fourths mineral interest if such mineral interest is vested in him by court decree. Appellees Lankfords, assert that under the title as shown, Pich is the owner of only an undivided one-half of the usual ⅛ royalty. As to Dorothy Canfield Fuehr, the Lankfords assert that under the principle enunciated in Duhig v. Peavy-Moore Lumber Co., Inc., 135 Tex. 503, 144 S.W.2d 878, that since Adams warranted the title to the property conveyed to Higgs, except as to his one-fourth royalty reservation, such convenant of general warranty in the Adams deed operated as an "estoppel" denying to Adams and the subsequent grantee, Dorothy Canfield Fuehr, the right to set up a claim to one-fourth of the royalty in addition to the one-half royalty interest which was outstanding in Pich prior to execution of the Adams deed.

Upon the record of title shown herein, the trial court decreed title to the land to be vested in A. H. and Bob L. Lankford "less, however, an undivided one-half (½) of the one-eighth (⅛) non-participating royalty of all oil, gas and other minerals, in and under, and which may be produced from said land" which interest was vested in L. A. Pich and also less an undivided one-fourth of the one-eighth royalty as vested in Dorothy Canfield Feuhr.

█ It is obvious from an examination of the various deeds that although Pich and Adams originally reserved only a royalty interest that in the exceptions in the subsequent deeds, Howard to Sharp and Sharp to appellees, the respective interests as reserved by Pich and Adams were erroneously described in such exceptions as an "undivided three-fourths of the oil, gas and other minerals in and under said land." It is likewise obvious that such description of the mineral interest as excepted in such deeds is in error. However, the Howard deed contains the following clarifying statement and reference as to the mineral interest excepted: " * * * which have been heretofore reserved." Likewise in

the Sharp deed to appellees, Lankford, the exception contains the following clarifying statement and reference as to the mineral interest excepted: " * * * which minerals do not belong to the grantors herein." The above statements as contained in the exceptions in the deeds in issue clarify the interest excepted from each deed and reveal that it was the intention of the grantors in each deed to except from the conveyance the one-half royalty interest reserved in the prior deed of Pich and the one-fourth royalty interest as reserved in the prior deed of Adams. The undisputed record further reveals that in both the Howard conveyance to Sharp and in the Sharp conveyance to appellees, A. H. and Bob L. Lankford, there is no reservation of either minerals or royalty but such deeds contain only the exceptions as quoted and discussed hereinabove.

Under the above record title, the cause on appeal is governed by the ruling of the Supreme Court in the case of Klein v. Humble Oil & Refining Co., 126 Tex. 450, 86 S.W.2d 1077. In such case the fact issue is substantially the same as here on appeal and the Supreme Court ruled that the deed of the grantors conveyed all the interest they had in the property; that the exception contained therein had the effect of excluding from the conveyance only the prior mineral reservation and that the purpose of the exception was to protect the grantors in their warranty as against the prior reservation of the minerals. Also see Methodist Home v. Mays, Tex.Civ.

App., 273 S.W.2d 444; Woods v. Sims, Tex., 273 S.W.2d 617.

Dorothy Canfield Fuehr was not estopped to claim her one-fourth of the ⅛ royalty interest by the rule announced in Duhig v. Peavy-Moore Lumber Co., Inc., supra. In the deed from Sharp to Lankfords there was a purported exception of three-fourths of the minerals coupled with a clear reference to the prior reservations of three-fourths of the royalty. Apparently, neither Sharp nor Howard complained of any breach of the warranty in the deed in their chain of title as the exceptions placed in their respective deeds clearly recognize that the warranty deed delivered to each of them did not include three-fourths of the royalty as reserved by Pich and Adams. The Lankfords received under the Sharp's deed of conveyance to them the interest which was intended to be conveyed to them. Under such deed of conveyance the Lankfords were to receive, at least, a one-fourth mineral interest—which interest they received. Any breach of a warranty clause in prior deeds in the Lankfords' chain of title could not vest in the Lankfords a royalty interest clearly excepted from the conveyance actually delivered to them and by them accepted and placed of record.

A ruling on Dorothy Canfield Fuehr's motion to dismiss is not material under the rulings hereinabove made.

All points of error are overruled and the judgment of the trial court is affirmed.