Jimmy F. JOHNSON et ux., Barbara
Johnson, Appellants,

v.

Adolphus Glenn FOX, Appellee.

No. 2–84–106–CV.

Court of Appeals of Texas,
Fort Worth.

Jan. 17, 1985.

M. Ward Bailey & Associates, and M. Ward Bailey, Fort Worth, for appellants.

Borden, Hand & Westhoff, and John E. Westhoff, Weatherford, for appellee.

Before FENDER, C.J., and BURDOCK and HILL, JJ.

OPINION

FENDER, Chief Justice.

This is an appeal from a judgment in a trespass to try title action involving a mineral reservation in a deed in which the trial court held that the mineral reservation was ambiguous, and then construed it favorably to appellee.

We reverse and reform.

On June 15, 1971, appellants, Jimmy F. Johnson and wife Barbara, purchased through the Texas Veterans Land Program 40.44 acres of land in Parker County, Texas. The grantors of the land, Edward W. Sears and wife, reserved a royalty interest, which in pertinent part states:

SAVE AND EXCEPT: Grantors herein reserve unto themselves, their heirs and assigns, an undivided ⅟₁₆th royalty (same being ½ of the usual ⅛) interest in and to all of the oil, gas, and other minerals, in, to, and under, or that may be produced from the land herein conveyed, ...

On June 17, 1974, appellants conveyed the 40.44 acres to Jack Julian Williams, et al. The deed contained the following reservation:

"SAVE AND EXCEPT one-half Mineral reservation as reserved in Warranty Deed dated June 15, 1971, recorded in Volume 500, page 123, Deed Records, Parker County, Texas. GRANTORS HEREIN reserve unto themselves, their heirs and assigns the remaining one-half mineral interest in and to the hereinabove described property."

Four years later, by deed dated April 15, 1978, Williams conveyed the land to appellee Fox, subject to the following mineral reservation:

Save and Except an undivided ½ of the usual ⅛ or ⅟₁₆ non-participating royalty interest reserved as set out in the Warranty Deed dated June 15, 1971, executed by Edward Sears, et ux, to Veterans Land Board, of record in Vol. 500, Page 123, Deed Records, Parker County, Tex-

as. Also Save and Except Mineral reservation as set out in Warranty Deed dated June 17, 1974, executed by Jimmy F. Johnson, et ux, to Jack Julian Williams, et al, of record in Volume 582, page 436, Deed Records, Parker County, Texas, being a one-half (½) mineral reservation as described herein.

Approximately one year later, on April 6th, 1979, appellee Fox leased the land to Chester R. Upham, Jr., who agreed to pay appellee a ⅛ royalty on production. Although the record does not go into these transactions, it appears that appellee entered into the lease without notifying the appellants. It further appears that the appellants became aware of this lease a few months later, and at such time persuaded Upham to sign an identical lease with them covering the land in question. Because Upham was thus subject to double liabilities for royalties on the two leases, he placed in suspense the royalty payments due to appellants, and this action in turn caused appellants to bring this lawsuit to determine ownership of the royalties and the mineral estate.

In their trespass to try title petition appellants claimed to own "an undivided ½ interest or an undivided ⅟₁₆ royalty interest in and to all of the oil, gas, and other minerals in and under" the land. At the hearing, held in December, 1983, appellants introduced into evidence the 1971 deed from the original grantors to the Veterans Land Board, and the 1974 deed from themselves to Williams. Appellants also tried to testify as to their intent in the 1974 conveyance, but appellee objected on the ground that, no ambiguity having been pled by appellants, the trial court must determine title exclusively from an examination of the instruments in question. Appellee did not present any evidence of his own.

In his judgment the trial court held that appellants and appellee were each vested with a ½ mineral interest in and under the land and a ⅟₃₂ royalty interest. The trial court also subsequently filed findings of fact and conclusions of law. He concluded that the mineral reservation contained in

the 1974 deed from appellants to Williams was ambiguous, and that rules of construction require that such ambiguity be construed against the grantor (appellants) and in favor of the grantee. (Appellee is apparently the grantee's [Williams'] successor in interest).

Appellants raise four points of error. In point of error number one they claim that the trial court erred in considering any question of ambiguity in the involved document, since none was raised by any affirmative pleading by the appellee or in the pleadings of appellants. In their second point of error appellants claim that the trial court erred in holding that appellants and appellee each own ½ of all the minerals subject to a pre-existing royalty interest. In their third point of error, the appellants urge that the trial court erred in not holding that appellants are owners of ½ interest in all minerals in and under the involved property and $\frac{1}{16}$ of the royalties from the production of oil and gas. Finally, appellants claim that the trial court erred in failing and refusing to quiet title in themselves to ½ of the minerals in and under the involved property, and $\frac{1}{16}$ of the royalties from the production of oil and gas.

In response, appellee argues in his brief that it was proper for the trial court to consider ambiguity because appellants raised the issue at the hearing. Furthermore, appellee contends that accepted rules of construction require the purported ambiguity to be construed against appellants and in favor of Williams.

 We find it unnecessary to respond directly to appellants' and appellee's arguments because we find that, as a matter of law, the trial court erred in holding that the mineral reservation in the 1974 deed from appellants to Williams was ambiguous. As a preliminary matter, we note that courts can construe an instrument containing a reservation or exception together with other instruments to which it refers. *See Tipps v. Bodine*, 101 S.W.2d 1076 (Tex.Civ. App.—Texarkana 1936, writ ref'd); *Williams v. J. & C. Royalty Co.*, 254 S.W.2d 178 (Tex.Civ.App.—San Antonio 1952, writ

ref'd). Bearing this possibility of construction in mind, we make two conclusions: (1) it is proper to read the mineral reservation in the 1974 deed in conjunction with the 1971 mineral deed; and (2) when the instruments are read in conjunction, it is evident that appellants reserved unto themselves a $\frac{1}{16}$ royalty interest, but not any interest in the minerals in place. To arrive at these conclusions we make two initial observations about the mineral reservation in the 1974 deed. First, we note that appellants explicitly excepted from the interest which they conveyed to Williams the "one-half Mineral reservation as reserved" in the 1971 deed from the original grantors to appellants. Second, we note that appellants reserved unto themselves "the *remaining* one-half mineral interest." (Emphasis added.) Appellants' use of the word "remaining" indicates that the nature of appellants' reserved interest must be determined in relation to what the original grantor reserved to himself. In other words, before we can determine the interest which "remains" to appellants, we must first determine what the original grantor reserved to himself.

The original grantor reserved unto himself "an undivided $\frac{1}{16}$th royalty (same being ½ of the usual ⅛) interest." We find that the word "remaining," when construed in relationship to this parenthetical phrase in the 1971 deed, shows appellants' intent to reserve to themselves a "½ of the usual ⅛ royalty," or a $\frac{1}{16}$ royalty. In other words, the original grantor reserved a $\frac{1}{16}$ royalty interest in 1971, and appellants reserved another $\frac{1}{16}$ royalty interest in 1974. Together, these two royalty interests total the "usual" ⅛ royalty interest. Because Upham, the lessee, agreed to pay only a ⅛ royalty, we find that appellee Fox has no royalty interest under the present leases.

 But while the language of the mineral reservation indicates that appellants intended to reserve a $\frac{1}{16}$ royalty interest, it does not indicate that appellants retained any interest in the minerals in place. Interests in minerals in place and interests in royalties are separate and distinct estates

in land. *Selman v. Bristow,* 402 S.W.2d 520, 524 (Tex.Civ.App.—Tyler), *writ ref'd n.r.e. per curiam,* 406 S.W.2d 896 (Tex. 1966); *Pich v. Lankford,* 157 Tex. 335, 302 S.W.2d 645, 648 (1957). The 1971 mineral reservation reserved only a royalty interest. The 1974 reservation, which is defined in terms of the 1971 reservation, through the use of the words "remaining one-half," must therefore also reserve only a royalty interest.

■ Appellants note in their brief that the trial court referred in its findings of fact to a deed from Jack Julian Williams to appellee. Appellants assert that this deed was never introduced into evidence, and that therefore, appellee has not shown any evidence of title. *See* TEX.R.CIV.P. 798. After examining the record, we agree with appellants that there is no evidence of any deed from Williams to appellee. Therefore, the trial court's finding of fact no. 4, in which he discusses this deed, must be stricken, and we cannot consider it. The result of rejecting the trial court's finding is that there is no evidence that appellee has any interest at all to the land. Under the record before us, therefore, we cannot determine appellee's title to the land.

We therefore hold that Sears, the original grantor, has a ⅟₁₆ royalty interest and that appellants have a ⅟₁₆ royalty interest because that is what appellants reserved to themselves through the 1974 deed to Williams. We also hold that the 1974 deed vested Williams with a 100% interest in the minerals in place, subject to the royalty interests of Sears and appellants contained in the mineral reservation. Finally, we hold that we can make no determination as to any interest which appellee might have received from Williams because appellee did not present any evidence to show his title to the land.

The judgment is reversed and reformed, with appellants recovering the costs of this court from appellee.