**12**

K.R. MILLER, et al., Appellants,

v.

Curtis Odell MELDE & Cities Service
Oil and Gas Corporation, Appellees.

No. 13–86–427–CV.

Court of Appeals of Texas,
Corpus Christi.

March 5, 1987.

W.T. McNeil, Vance & McNeil, Edna, for
appellants.

Henry A. Welfel, Jr., Woody, Gum,
Heintz & Villafranca, P.C., Victoria, for
appellees.

Before UTTER, SEERDEN and
DORSEY, JJ.

---

OPINION

UTTER, Justice.

Appellee, Melde, brought a declaratory judgment action seeking a declaration that he owns ½ of the minerals and a ¾ royalty interest pursuant to a deed conveying 15.-734 acres of land to him. The trial court agreed with Melde and declared that he owns ½ of the minerals and a ¾ royalty interest and that the Millers owned no interest in the mineral estate. We affirm the judgment of the trial court.[1]

By their sole point of error, the Millers claim that the trial court erred in rendering judgment for Melde.

In 1969, Allen conveyed the land to K.R. Miller in fee simple, making no reservations or exceptions. According to the record before us, there had been no prior reservations or exceptions of any mineral interest. Miller conveyed the same land to the Bergstroms in 1975. However, the deed contained the following clause:

> However, there is reserved and excepted in prior conveyances one-half (½) of the oil, gas and other minerals in or under said premises for a term of fifteen (15) years from the date of said reservation.

The Bergstroms conveyed the land to Melde, with the following clauses contained in the deed:

> This conveyance is made and accepted SUBJECT TO the following:
>
> (1) There is reserved and excepted in prior conveyances one-half (½) of the oil, gas and other minerals in or under said premises for a term of fifteen (15) years from the date of said reservation.
>
> (2) The said Grantors herein reserve unto themselves, their heirs and assigns, an undivided one-fourth (¼) interest in royalty in the oil, gas and other minerals in and under the above described land.
>
> \*     \*     \*     \*     \*     \*
>
> It is the intent and purpose of the foregoing reservation to reserve an undi-

1. This opinion does not attempt to adjudicate ownership of the remaining ½ of the mineral estate.

vided one-half of the oil, gas and other minerals, and in addition thereto an undivided one-fourth interest in royalty, for the term above provided, and to convey unto Grantee, his heirs, successors and assigns, an undivided one-half interest in the oil, gas and other minerals in and under the above described land, and an undivided one-fourth interest in royalty in the oil, gas and other minerals in and under said land.

The Millers argue that the clause in the Miller to Bergstrom deed operated to reserve a one-half interest in the oil, gas, and other minerals unto the grantors, the Millers. They cite *Pich v. Lankford,* 302 S.W.2d 645 (Tex.1957), as authority for their position. We find *Pich* distinguishable.

In *Pich,* as in the case at bar, there were two deeds containing similar clauses. The Howard to Sharp deed included the following clause: "Save and Except an undivided three-fourths of the oil, gas and other minerals in, on and under said land, which have been heretofore reserved." *Id.* at 646. The Sharp to Lankford deed contained the following language: "Save and Except an undivided three-fourths of the oil, gas and other minerals in and under the Southwest Quarter thereof, and an undivided one-fourth of the minerals in and under the remainder of said survey, which minerals do not belong to the grantors herein." *Id.*

The Court held that the deeds operated to except an undivided three-fourths interest in the minerals. *Id.* at 648. "The deeds do not except from the grants *only* such royalty interests or interests in the minerals as 'have heretofore been reserved' or that 'do not belong to the grantors herein'; they except an undivided three-fourths (¾) interest in the minerals minerals in place in plain and unambiguous language." *Id.* [emphasis in original] The Court stated that the quoted phrases were only recitals which purported to state why the exceptions were made. *Id.* The chain of title established that there were no prior reservations of three-fourths of the minerals. The Court held that "[t]he giving of a false reason for an exception from a grant does

not operate to alter or cut down the interest or estate excepted, nor does it operate to pass the excepted interest or estate to the grantee." *Id.*

In the case before us, we reach the opposite conclusion. Both the Miller and the Bergstrom deeds employ identical language; "There is reserved and excepted in prior conveyances one-half (½) of the oil, gas and other minerals. . . ." The deeds *do* except from the grants *only* such interests in minerals as "reserved and excepted in prior conveyances." This clause does not reserve or except any mineral interest in clear and unambiguous language.

■ A warranty deed will pass all of the estate owned by the grantor at the time of the conveyance unless reservations or exceptions reduce the estate conveyed. *Monroe v. Scott,* 707 S.W.2d 132 (Tex.App.— Corpus Christi 1986, writ ref'd n.r.e.). Since there were no prior reservations, Miller obtained the entire fee interest in the minerals from Allen. Furthermore, the Miller to Bergstrom deed did not reserve unto Miller one-half of the mineral estate; the Bergstroms received the entire fee.

■ The deed from the Bergstroms to Melde conveyed one-half of the mineral estate. The deed also reserved "a one-fourth (¼) interest in royalty" unto the Bergstroms. The remaining three-fourths interest in royalty passed to Melde. The Miller's sole point of error is overruled.

The judgment of the trial court is AFFIRMED.