

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00303-CV

JAMES C. THOMASON AND
DOROTHY L. LUPTON

APPELLANTS

V.

JAMES E. BADGETT AND DARRYL
G. POU; LARRY BRADSHAW AND
WIFE, SHARON BRADSHAW;
TYLER J. CHILD AND WIFE,
BETTINA CHILD; GARY W.
ELLIOTT AND WIFE, LAVADA
ELLIOTT; BRYAN G. FEILLE AND
WIFE, LAURIE P. FEILLE; BRUCE
FOWLER AND WIFE, ANNETTE
FOWLER; DONALD M. GUMMELT
AND WIFE, CONSTANCE
GUMMELT; FRED HAFFNER AND
WIFE, LINDA HAFFNER; MICHAEL
R. HALE AND WIFE, LORI HALE;
RAY HALL, JR. AND WIFE,
KIMBERLY HALL; DONALD
MAHANAY AND WIFE, CHRISTY
MAHANAY; MICHAEL R. NOAH
AND WIFE, PEGGY NOAH;
VINCENT C. SANCHEZ AND WIFE,
GLORIA M. SANCHEZ; LARRY J.
SHARP AND WIFE, JACQUELINE
SHARP

APPELLEES

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

----------

**MEMORANDUM OPINION**[1]

----------

**Background Facts**

In August 1996, Kenneth Hopkins purchased land from Dan Reese and his family. In the warranty deed (the Reese deed), the Reeses reserved one half of the mineral rights (the Reese reservation). The Reese deed was recorded in volume 1684, page 335 of the real property records of Parker County, Texas. Hopkins then sold the land to Thomason and Lupton via warranty deed (the Hopkins deed), "save and except" the Reeses' one-half mineral interest as reserved in the Reese deed. The Hopkins deed contained no other reservations or exceptions to the conveyance. The Hopkins deed was recorded in volume 1686, page 122 of the real property records of Parker County.

Thomason and Lupton eventually divided the land into lots and sold one lot to E.L. Ford and the rest of the lots to Reata Properties, Ltd.[2] Nineteen of the twenty-three warranty deeds described the property to be conveyed as the respective lots "SAVE & EXCEPT: ALL OIL, GAS[,] AND OTHER MINERALS AS

---

[1]*See* Tex. R. App. P. 47.4.

[2]The lots were eventually sold to the appellees.

RECORDED IN [the Reese deed] AND [the Hopkins deed]." Two of the warranty deeds stated, "SAVE & EXCEPT: OIL, GAS[,] AND OTHER MINERALS AS RECORDED IN [the Reese deed] AND [the Hopkins deed]." The last two of the warranty deeds stated, "SAVE & EXCEPT: ALL OIL, GAS[,] AND OTHER MINERALS AS RECORDED IN [the Reese deed] AND OTHER OIL, GAS[,] AND MINERALS AS RECORDED IN [the Hopkins deed]." The deeds contained no other reservations or exceptions to the conveyances.

In 2007, Thomason and Lupton executed an oil, gas, and mineral lease with Devon Energy Production Company, L.P. purporting to lease the mineral interest that they had reserved. After execution of the lease, however, Devon became concerned that Thomason and Lupton did not own the undivided one-half interest. Thomason and Lupton filed a trespass to try title action against the current owners of the lots, seeking to determine title to the one-half mineral interest not reserved by the Reeses. Both the appellants and the appellees filed motions for summary judgment.[3] The trial court granted the appellees' motion and denied the appellants' motion. Thomason and Lupton then filed this appeal.

## Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the

---

[3]Not all of the defendants joined appellees' motion for summary judgment. The trial court severed the action against the non-moving defendants from this case.

light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c).

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary judgment evidence and determine all questions presented. *Mann Frankfort*, 289 S.W.3d at 848; *see Myrad Props., Inc. v. Lasalle Bank Nat'l Ass'n*, 300 S.W.3d 746, 753 (Tex. 2009). The reviewing court should render the judgment that the trial court should have rendered. *Mann Frankfort*, 289 S.W.3d at 848.

### Deed Construction

Deeds are construed to convey to the grantee the greatest estate possible. *Reeves v. Towery*, 621 S.W.2d 209, 212 (Tex. App.—Corpus Christi 1981, writ

4

ref'd n.r.e.) (citing *Waters v. Ellis*, 158 Tex. 342, 347, 312 S.W.2d 231, 234 (1958)). A general warranty deed conveys all of the grantor's interest unless there is language in the instrument that clearly shows an intention to convey a lesser interest. *Id.* (citing *Cockrell v. Gulf Sulphur Co.*, 157 Tex. 10, 15, 299 S.W.2d 672, 675 (1957)). Courts do not favor reservations by implication in favor of the grantor. *Sharp v. Fowler*, 151 Tex. 490, 494, 252 S.W.2d 153, 154 (1952); *Reeves*, 621 S.W.2d at 212.

## Discussion

In their sole issue on appeal, Thomason and Lupton argue that the proper interpretation of the deed shows that they retained ownership of one half of the mineral estate.

Thomason and Lupton argue that although they did not "reserve" the mineral interest, they did "except" it from the conveyance, which functioned as a reservation. Exceptions and reservations "are not strictly synonymous." *Pich v. Lankford*, 157 Tex. 335, 342, 302 S.W.2d 645, 650 (1957). But an exception has the same legal effect as a reservation when the excepted interest remains with the grantor. *See id.* Thus, if the exceptions in the warranty deeds were effective, Thomason and Lupton properly excepted a half interest in the mineral estate, leaving it in themselves.

The majority of the deeds except "ALL OIL, GAS[,] AND OTHER MINERALS AS RECORDED IN [the Reese deed] AND [the Hopkins deed]." The exception does not describe what minerals are excepted but only directs the

5

reader to the two previously recorded deeds. The Reese deed contains an explicit reservation of one half of the mineral estate. Thus, the reference to the Reese deed in the exception here at bar serves to alert the reader to the Reese reservation. The Hopkins deed, however, contains no separate reservation. It excepts the minerals previously reserved by the Reeses and conveys "all remaining oil, gas[,] and other minerals." So, the minerals "as recorded" in the Hopkins deed belong 50% to the Reeses and 50% to Thomason and Lupton. Neither the reference to the Reese deed nor the reference to the Hopkins deed created a new reservation or exception of the 50% interest conveyed to Thomason and Lupton. They conveyed the mineral and surface estates subject to any previously recorded reservations, namely the Reese reservation. *See Farm & Ranch Investors, Ltd. v. Titan Operating, L.L.C.*, 369 S.W.3d 679, 684 (Tex. App.—Fort Worth 2012, pet. denied) (holding that grantor conveyed the mineral estate along with the surface estate when the deeds conveyed the property "subject to" previous deeds and when those deeds did not include an express reservation of mineral rights in the grantor); *Wright v. E.P. Operating Ltd.*, 978 S.W.2d 684, 688 (Tex. App.—Eastland 1998, pet. denied) ("The language stating that the conveyances were made *subject to any and all reservations* . . . does not reserve any mineral interest in Oregon's predecessors in title, but rather recognizes that reservations have been made in the past and are in the chain of title."). The language in the other four warranty deeds also do not effectively except the 50% mineral interest as they all contain the same

6

troublesome references to the previous deeds and make no explicit separate exception.

The main thrust of Thomason and Lupton's argument is that the word "all" is an express exception of the mineral interest. Setting aside the fact that two of the deeds do not even use the word "all," thus defeating their own argument regarding those two deeds, the word "all" in the warranty deeds still refers to the minerals "as recorded" in the previous deeds. Looking to the Hopkins deed, all the minerals are accounted for—half previously reserved by the Reeses plus half conveyed to Thomason and Lupton. The meaning of the phrase "all oil, gas[,] and other minerals as recorded" is simply not a clear exception of the 50% mineral interest owned by Thomason and Lupton. *See Johnson v. Conner*, 260 S.W.3d 575, 578 (Tex. App.—Tyler 2008, no pet.) (holding that deed conveyed all mineral interests, despite any intent not to do so, when it stated that "[n]one of the [mineral, water, royalty, timber, or other interests] are available to be conveyed" because that language was not an explicit reservation); *Miller v. Melde*, 730 S.W.2d 12, 13 (Tex. App.—Corpus Christi 1987, no writ) (holding that deed that only excepted interests in minerals as "reserved and excepted in prior conveyances" conveyed the entire mineral estate when there were no prior reservations or exceptions because the clause "[did] not reserve or except any mineral interest in clear and unambiguous language"). And when the language is unclear, it is construed against the grantor to confer upon the grantee the greatest estate that the terms of the instrument will permit. *Lott v. Lott*, 370

7

S.W.2d 463, 465 (Tex. 1963). Although Thomason and Lupton may have meant *something* by the use of the phrase "all oil, gas[,] and other minerals as recorded," we cannot say that that something is an effective exception of the mineral estate. *See Reeves*, 621 S.W.2d at 211 ("The question to be answered in this case is not what the grantors may have intended to say in the deed, but the meaning of what they did, in fact, say."); *see also Large v. T. Mayfield, Inc.*, 646 S.W.2d 292, 293 (Tex. App.—Eastland 1983, writ ref'd n.r.e.) (noting that the rights of the parties are governed by the language used and that the choice of words is of controlling importance). The trial court therefore did not err by granting the lot owners' motion for summary judgment and by denying Thomason and Lupton's motion for summary judgment. We overrule Thomason and Lupton's issue.

## Conclusion

Having overruled Thomason and Lupton's sole issue on appeal, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

DELIVERED: July 11, 2013

8